**UNITED STATES of America**

v.

**Frank LUZZI.**

**Cr. No. 19256.**

United States District Court
E. D. Pennsylvania.

Jan. 15, 1959.

Harold K. Wood, U. S. Dist. Atty., Philadelphia, Pa., for plaintiff.

Edmund E. DePaul, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant was convicted of robbery in a Berks County, Pennsylvania, court in 1953 and sentenced to prison for a term of 7½ to 20 years. Having exhausted his state court remedies, he filed a petition for habeas corpus in this court to secure his release from prison averring that his constitutional rights were violated in his trial.

As a result of defendant's testimony in the habeas corpus hearing he was subsequently charged and tried in this court for perjury. The perjury indictment contained three counts. In the first count he was charged with having testified falsely in saying that state police slapped him prior to his Berks County trial. In the second count he was charged with having testified falsely in saying that he personally rather than his counsel asked the questions of the prospective jurors at the time of the Berks County trial. In the third count he was charged with having testified falsely in saying that he had never stood trial prior to the Berks County case.

In the perjury trial defendant was acquitted by the jury on the first and third counts and was found guilty on the second. He has filed a motion for judgment of acquittal.

The perjury statute, 18 U.S.C.A. § 1621, under which defendant was tried in this court provides:

"Whoever, having taken an oath before a competent tribunal * * * willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury * * *."

As the statute indicates, false testimony constitutes perjury only if the testimony is given in reference to a material issue in the case in which it is given. United States v. Rose, 3 Cir., 1954, 215 F.2d 617.

There was abundant evidence in the perjury trial to the effect that defendant's statement in the habeas corpus hearing was false when he testified that he personally, rather than his counsel, asked the questions of the prospective jurors in the Berks County robbery trial. The question here is whether this false testimony was material to any of the issues in the habeas corpus proceeding.

In the Berks County case defendant was charged with having robbed a garage. At the trial a relative of the garage owner was a member of the jury which convicted defendant. In the habeas corpus case it was defendant's contention that the fact that this interested juror sat in judgment in his case deprived him of constitutional rights. There was no contention in the habeas corpus case, however, that defendant either by himself or through his counsel, was in any way deprived of his right to examine prospective jurors or that there was any interference with his right to examine them. In view of this, it is apparent that whether or not defendant personally asked the questions of the prospective jurors in the Berks County trial was a question which was immaterial to the issue in the habeas corpus case.

Since defendant testified falsely to a matter immaterial to the issue in the case in which it was given, his conviction cannot stand. The motion for judgment of acquittal is granted.